## LILLA E. PECK *vs.* HARRIET E. HARTSHORN.

Suffolk. December 5, 1904. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equitable Restrictions. Deed*, Construction.

An equitable restriction in a deed of a lot of land, that "no building shall be erected upon the granted premises to cost less than $2,500, and but one building, one private stable excepted, shall be erected or placed thereon," permits the erection on the lot of a private stable costing $2,500 without any house or other building.

MORTON, J. The plaintiff owns a house and lot in Winthrop and the defendant owns an adjoining lot. This is a bill in equity to prevent the defendant from erecting a private stable upon her lot. The plaintiff and the defendant both bought from the Winthrop Shore Land Company, a voluntary association operating under a deed of trust to develop and sell an extensive tract of land in Winthrop. The plaintiff relies upon certain restrictions inserted in her deed and in the defendant's deed which the master finds were inserted by the common grantor for the benefit of these two and other lots pursuant to a general scheme of development of the land, and that " the owner of each lot has, as appurtenant to his lot, a right in the nature of

an easement upon the other lots, which he may enforce in equity, in case the owners of other lots violate the restrictions." The restriction relied on is that "no building shall be erected upon the granted premises to cost less than twenty-five hundred dollars ($2,500), and but one building, one private stable excepted, shall be erected or placed thereon." The defendant has begun the erection of a stable on the rear of her lot for use in connection with her dwelling house situated upon another lot on the opposite side of the street. And the master finds that, though as originally planned, the stable was to cost about $1,600, if finished as begun with all the additions and improvements enumerated in the defendant's latest testimony and statement of her intentions, it will cost at least $2,500. There is no finding that she does not intend to proceed in good faith according to the latest announcement of her intentions. Unless, therefore, a stable by itself is not a building within the meaning of the restriction, or a stable cannot be built except in connection with or as an adjunct to a dwelling house or other building on the same lot, which are the plaintiff's contentions, it would seem to follow that the decree of the Superior Court overruling the plaintiff's exceptions to the master's report and enjoining the defendant from erecting any stable on the lot at a cost less than $2,500 should be affirmed.

We think that the decree was right. The word "building" is used several times in the restrictions and there is nothing to show that it is used in an exclusive sense. The restriction that no building shall be placed within fifteen feet of the street would apply as well to a stable as to a dwelling house. And the exception of a private stable from the restriction that "no building shall be erected," etc., classifies a stable as a building within the meaning of the restriction. In no event can there be more than two buildings, one of which may be a private stable, erected on the lot. The restriction as to cost applies as well to stables as to other buildings. As the restriction is drawn there is no limit to the kind or character of building that may be erected so long as it costs $2,500. Nor is there anything forbidding the erection of a private stable except as an adjunct to or in connection with a building already on the lot or in the process of erection. It is possible that the scheme contemplated the

sale of lots for the erection of dwelling houses, with the right to erect a private stable in connection with or as an adjunct to a dwelling house on the lot but not otherwise. If so, the restrictions embodied in the deeds have failed to accomplish the purpose intended. But we must take them as they stand, and there is nothing in the circumstances under which the deeds were given to warrant the construction contended for by the plaintiff.

*Decree affirmed.*

*E. O. Achorn,* for the plaintiff.
*F. O. White,* for the defendant.